**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDDY RICARDO TAMAY COOL,<br><br>        Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 23-1336<br><br>Agency No.<br>A088-449-020<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2024[**]
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.[***]

Petitioner Freddy Ricardo Tamay Cool, a native and citizen of Mexico,

seeks review of a decision from the Board of Immigration Appeals (BIA)

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

dismissing his appeal and affirming the denial by an Immigration Judge (IJ) of Tamay Cool's application for withholding of removal and for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Here, the BIA affirmed and adopted the findings and conclusions of the IJ, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and did not express disagreement with any part of the IJ's decision. We thus review the decision of the IJ as if it were the BIA's. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). We also consider any additional reasoning offered by the BIA. *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).

We review findings of fact, including those underlying a particular social group determination, for substantial evidence, upholding such "findings if they are supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'" *Abebe*, 432 F.3d at 1039-40 (quoting *Mejia-Paiz v. INS*, 111 F.3d 720, 722 (9th Cir. 1997)); *see Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1199 (9th Cir. 2023). Under the substantial evidence standard, "factual findings are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (quoting *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022)). "We review questions of law, such as whether a proposed particular social group is cognizable

for purposes of withholding of removal, de novo." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2021).

Tamay Cool appeals the agency's denial of withholding from removal, arguing that substantial evidence supports that Tamay Cool likely faced persecution because of his membership in his proposed social group of "Mexicans who have been deported from the United States," under the disfavored group analysis. Tamay Cool also appeals the agency's denial of protection under CAT.[1]

To qualify for withholding from removal, Tamay Cool must show either past persecution or that it is more likely than not that he will suffer future persecution, based on race, religion, nationality, political opinion, or membership in a particular social group. *See Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024); 8 U.S.C. § 1231(b)(3)(A). Tamay Cool argues only that he is eligible for withholding of removal because of likely future persecution as a member of the asserted social group of "Mexicans who have been deported from the United States." The BIA did not err in concluding that Tamay Cool's proposed social group is not legally

---

[1] The IJ and BIA made several additional findings, including denying Tamay Cool's petition for cancellation of removal and rejecting his assertion of a second proposed social group, but Tamay Cool does not challenge these additional findings on appeal. Thus, Tamay Cool has waived those arguments, and we do not address them. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) ("This court will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." (internal quotation marks omitted)).

cognizable under the Immigration and Nationality Act.[2]

A proposed social group must, among other things, be "defined with particularity" and "socially distinct within the society in question." *Andrade*, 94 F.4th at 910 (quoting *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020)). Substantial evidence supports the conclusion that Tamay Cool's proposed social group was not particular because it had no clear boundaries. *See Garay Reyes v. Lynch*, 842 F.3d 1125, 1138-40 (9th Cir. 2016) (holding that proposed social group of "deportees from the United States to El Salvador" lacked particularity). Substantial evidence also supports the conclusion that the proposed social group was not socially distinct. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180-81 (9th Cir. 2021) (explaining that social distinction requires evidence that proposed social group is "set apart" in society in some "significant way"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (upholding BIA's rejection of proposed social group of "returning Mexicans from the United States").

Regarding Tamay Cool's petition under CAT, "[t]o be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if

---

[2] Because we conclude that Tamay Cool's proposed social group is not legally cognizable and that determination is dispositive of his petition for withholding of removal, we do not address his argument that his proposed social group is "disfavored" or Respondent's contention that Tamay Cool waived that argument.

removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Tamay Cool offers no more than general evidence of violence in Mexico to satisfy this requirement. "[G]eneralized evidence of violence and crime in Mexico is not particular to [a petitioner] and is insufficient to meet" the standard under CAT. *Delgado-Ortiz*, 600 F.3d at 1152.

**PETITION DENIED**.[3]

---

[3] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.